**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT GUNNELLS, an individual; | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1.  COPYRIGHT INFRINGEMENT; |
| EAST COAST MINI DONUTS, LLC, a Pennsylvania limited liability company; EMPIRE BUSINESS BROKERS; and DOES 1-10, | 2.  VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; |
| Defendants. | 3.  VIOLATION OF THE DMCA: 17 U.S.C. § 1202 |
| | **JURY TRIAL DEMANDED** |

Plaintiff, Scott Gunnells, by and through his undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

### JURISDICTION AND VENUE

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### PARTIES

1.  Gunnells is an individual located in Lebanon, Pennsylvania.

2.  Gunnells is informed and believe and thereon allege that East Coast Mini Donuts, LLC ("EMCD") is a Pennsylvania limited liability company doing business in and with this District, including by advertising and selling its products and services directly to customers in New York.

1

3.   Gunnells is informed and believes and thereon alleges that Empire Business Brokers ("Empire") is a Pennsylvania limited liability company doing business in and with this District, including by advertising and selling its services directly to customers in New York and listing businesses for sale and franchising in New York.

4.   Gunnells is informed and believes and thereon allege that Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Gunnells' copyrights, have contributed to the infringement of Gunnells' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of the Does 1-10, inclusive, are presently unknown to Gunnells, who therefore sue said Does 1-10 by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

5.   Gunnells is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Gunnells' rights and the damages to Gunnells proximately caused thereby.

**CLAIMS RELATED TO SUBJECT DESIGN AND SUBJECT PHOTOGRAPHS**

6.   Gunnells is a professional photographer and the president of Superior Food Trucks, a premier custom food truck builder specializing in custom food truck fabrication.

7.   In 2021, Superior Food Trucks built and designed a food truck and trailer and further hired 99designs.com to design graphics, a logo, and vinyl wrap exclusively for this food truck. 99designs.com then transferred its rights in the graphics, logo, and vinyl wrap to Gunnells on August 18, 2021.

8.   Gunnells owns the original design of the graphics, logo, and vinyl wrap entitled "EMCD Wrap Design" ("Subject Design") that was registered with the United States Copyright Office.

9.   Gunnells is the sole owner of the exclusive rights in the Subject Design.

10.  Gunnells also created and owns the original photographs depicting the Subject Design on the truck entitled "East Coast Mini Donut Photos" ("Subject Photographs"), and registered same with the United States Copyright Office.

11.  Gunnells is the sole owner of the exclusive rights in the Subject Photographs.

12.  Prior to the acts complained of herein, Gunnells widely publicly displayed the Subject Design and Subject Photographs, including by posting same to instagram.com/superiorfoodtrucks.

13.  Gunnels provided the above referenced food truck and trailer bearing the Subject Design as well as the Subject Photographs to ECMD for limited use, while Gunnells retained all ownership interest and copyrights in and to the Subject Design and Subject Photographs.

14.  Prior to the acts complained of herein, Gunnells and Superior Food Trucks routinely published and displayed the Subject Photographs with identifying information including Superior Food Trucks' logo, which identifies Gunnells as the author and owner of the Subject Photographs. True and correct exemplars of the Subject Photographs depicting the Subject Design being displayed with said identifying information are depicted below:

///

///

///

///

///

**Subject Photographs**







15. Gunnells is informed and believes and thereon alleges that ECMD has franchised its doughnut-selling business in multiple locations with the help of Empire broker Nick Gugliuzza ("Gugliuzza").

16. Gunnells is informed and believes and thereon alleges that following their publication and display of the Subject Design and Subject Photographs, Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Subject Design and Subject Photographs without Gunnells' authorization for commercial purposes in various ways, including, but not limited to, to advertise their franchises through selling apparel, products, and merchandise at events as well as posting on their social media platforms. Examples of the infringing uses are set forth hereinbelow:

///

///

///

///

| Exemplar Screen Captures of Infringing Uses |
| --- |
|  |







**Nick Gugliuzza** is with **Kathryn Gugliuzza**.
Yesterday at 8:52 AM · 🌐

Attention Franchise Brokers, Business Brokers and Entrepreneurs. East Coast Mini Donuts Food Trucks are now franchising nationwide.  Three sold in the first 30 days. Don't let your territory get away from you. Low overhead, High profit margins, Low start up costs, Limited to no competition with a very strong Franchisor leadership team backing it all up. We're happy to engage with you in an initial conversation. Exclusively represented by Empire Business Brokers.
Please conta... **See more**



**Empire Business Brokers**
November 25, 2021 · 🌐

Give use a call at 716-240-2544 to find out what it means to you to join our family. A better life is only a phone call away.  Put our 40 years of experience to work for you.





17. Gunnells is informed and believes and thereon allege that Defendants knowingly and intentionally removed Superior Food Trucks' identifying information from the Subject Photographs before distributing same to the public for commercial benefit, as shown above.

18. Gunnells is informed and believes and thereon alleges that Defendants displayed the Subject Design on franchised trucks created by another food truck builder knowing they did not create or own the Subject Design.

19. Gunnells is informed and believes and thereon alleges that Defendants reproduced the Subject Design on apparel and advertisements displayed and distributed at venues such as Giant Center, a 10,500-seat arena for public events.

20. At no point did Gunnells authorize or otherwise give consent to Defendants to exploit the Subject Design and Subject Photographs for any uses other than allowing ECMD the limited use of the of the original food truck and for limited use of the Subject Photographs with Superior Food Truck's identifying information included.

21. Gunnells at no point entered into an agreement with Empire or otherwise permitted Empire to make any use of the Subject Photographs or the Subject Design.

22. After discovering that ECMD was using the Subject Photographs after removing Superior Food Truck's identifying information, Gunnells directed ECMD to cease all such use of the Subject Photographs, ECMD refused, and continued to exploit the Subject Photographs without Gunnells' authorization and consent and without the required identifying information.

23. Gunnells has further informed ECMD and Empire that he holds all ownership interest in the Subject Design and Subject Photographs and that their use of same beyond the scope of Gunnells' original agreement with ECMD is unauthorized and unlawful, however Defendants have continued their acts of infringement.

24. Despite being put on repeated, direct notice by Gunnells that they do not own any rights in the Subject Design, ECMD has knowingly filed a false application for a trademark in the character design featured in the Subject Design as of April 13, 2023.

25. On April 6, 2022, Gunnells, through counsel, sent letters to Defendants, demanding that they cease and desist all infringing use of the Subject Design and Subject Photographs seeking to resolve this matter. Defendants have failed to reach a reasonable resolution with Gunnells, necessitating this action.

## FIRST CLAIM FOR RELIEF
**(Copyright Infringement - Against All Defendants)**

26. Gunnells repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

27. Gunnells is informed and believes and thereon alleges that Defendants had access to the Subject Design and Subject Photographs including, without limitation, directly as provided by Gunnells for limited use including on the original food truck provided to ECMS, as well as Gunnells' and Superior Food Trucks website and social media accounts.

28. Gunnells is informed and believes and thereon alleges that Defendants copied, reproduced, displayed, and distributed the Subject Design and Subject Photographs as well as exploited said work on food trucks created by other builders, through advertisements, and through their social media platforms without Gunnells' authorization or consent.

29. Due to Defendants' acts of infringement, Gunnells has suffered damages in an amount to be established at trial.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained profits they would not otherwise have realized but for their infringement of the Subject Design and Subject Photographs. As such, Gunnells is entitled to disgorgement of Defendants' profits attributable to the infringement of the Subject Design and Subject Photographs in an amount to be established at trial.

31.  Gunnells is informed and believes and thereon alleges that Defendants committed copyright infringement with actual or constructive knowledge of Gunnells' rights, or reckless disregard for the same, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

### SECOND CLAIM FOR RELIEF

**(Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

32. Gunnells repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

33. Upon information and belief, Gunnells alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Design and Subject Photographs as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants; publishing the infringing uses on affiliate, third-party, and social media sites; and distributing the infringing uses to third-parties for further publication.

34. Gunnells is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing uses at issue. And, Defendants, and each of them, realized profits through their respective obtainment, marketing and distribution of the infringing uses.

35. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Gunnells has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

36. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Gunnells' rights in the Subject Design and Subject Photographs. As such, Gunnells is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Gunnells' rights in the Subject Design and Subject Photographs, in an amount to be established at trial.

37. Gunnells is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Gunnells will make his election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

**(Violation of 17 U.S.C. § 1202 - Against All Defendants, and Each)**

38. Gunnells repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

39. Gunnells has incorporated copyright management information ("CMI") in the form of Superior Food Trucks'—his company—logo with displays of the Subject Photographs, which information identifies Gunnells as the owner of the Subject Photographs.

13

40. Gunnells is informed and believes and thereon alleges that one or more of the Defendants removed Gunnells' CMI from the Subject Photographs before distributing and displaying them to the public in the form of the infringing uses, in violation of 17 U.S.C. § 1202(b).

41. Gunnells is informed and believes and thereon alleges that Defendants acted knowingly and intentionally in regard to the above and with an intent to induce, enable, facilitate, conceal, and further infringement by Defendants and others.

42. As a result of the above, Defendants are liable for statutory damages and attorneys' fees as set forth in 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a.      That Defendants and their respective agents and servants be enjoined from distributing, reproducing or displaying the Subject Design and Subject Photographs in violation of their copyrights;

b.      That Plaintiff be awarded all profits of Defendants, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment on any claim for which there is timely registration, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c.      That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq. on each claim for which there is timely registration;

d.      That Plaintiff be awarded pre-judgment interest as allowed by law;

e.      That Plaintiff be awarded the costs of this action; and

f.      That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demand a trial by jury in this action of all issues so triable.

Dated:      New York, New York                    Respectfully Submitted,
            April 9, 2024
                                                   DONIGER / BURROUGHS

                                             By:   /s/ David Michael Stuart Jenkins
                                                   David Michael Stuart Jenkins, Esq.
                                                   Scott Alan Burroughs, Esq.
                                                   247 Water Street, First Floor
                                                   New York, New York 10038
                                                   (310) 590-1820
                                                   djenkins@donigerlawfirm.com
                                                   scott@donigerlawfirm.com
                                                   Attorneys for Plaintiff